## DENNIS McCLOSKEY v. ATLANTIC CITY RAILROAD COMPANY.

Submitted July 3, 1903—Decided January 15, 1904.

If a railroad company has the right to maintain its railroad longitudinally upon a public street, and there is no law controlling the grade at which its track shall be laid, it cannot be held responsible for damage done by surface water diverted from its roadbed, merely because its track is higher than the established grade of the street.

In tort. On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff, *Edwin G. C. Bleakly.*

For the defendant, *J. Willard Morgan.*

The opinion of the court was delivered by

DIXON, J. The declaration in this case sets forth that the plaintiff was possessed of a house and lot fronting on Salem street, in Gloucester City; that the defendant maintained a steam railroad running longitudinally through the street; that its tracks were so constructed as to turn the surface water upon the plaintiff's property, and that the railroad was so negligently operated as to cause him various annoyances in the use of his premises. The defendant pleaded the general issue. At the trial in the Camden Circuit the court ruled that the plaintiff had no title to the land within the lines of Salem street; that the defendant had the right to maintain and operate a railroad through the street; that there was no evidence of negligent operation, but that the plaintiff might recover compensation for the damage done by surface water if its diversion to the plaintiff's property was caused by the construction of the railroad

.at a level higher than the city's grade for the adjacent curb .and sidewalk. On this ruling the plaintiff obtained a verdict, which. the defendant seeks.to have set aside.

The testimony at the trial did not show how the defendant had acquired the right to .construct and operate its railroad at the place in question, except as it indicated a probability that the railroad had been built before the land became a public street; nor did the extent of the defendant's right respecting the elevation of its track appear. But its right to maintain and operate a railroad having been assumed at the trial and the verdict being an outcome of that assumption, we must now test the verdict on the same hypothesis. This hypothesis carries with it a concession that the company was entitled to maintain its track at such grade as was reasonably necessary for its own.purposes, unless evidence to the contrary be produced. · No such evidence was offered at the trial, nor was it suggested that the track was higher than the necessities of the defendant fairly required. The grade fixed by the city for the curb and the sidewalk bore no legal relation to the grade of the track, in the absence of any lawful regulation enjoining conformity between them.

On the assumption made and the testimony produced at the trial, the case resolved itself simply into one .where the defendant, lawfully possessing the site of its roadbed and lawfully using that. site for its own purposes, diverted therefrom the surface water, which then found its way into the plaintiff's premises. For damage thus caused, the defendant cannot be held responsible. *Bowlsby* v. *Speer,* 2 *Vroom* 351; *Jessup* v. *Bamford Brothers Co.,* 37 *Id.* 641.

It also appeared at the trial that some time ago the defendant had constructed a box sluice along its track, and the plaintiff claimed that recently the defendant had removed this sluice, or permitted it to become inefficient, so that it did not conduct the surface water away from the plaintiff's property as it had formerly done. But this, if true, would not suffice to sustain the plaintiff's right of action, because

there is no evidence that the defendant owed the plaintiff, or even the public, any duty to maintain such a waterway. Presumably, the defendant had constructed it for its own benefit only.

The verdict should be set aside and a new trial granted.